```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LATRELL MURRAY,
                        Plaintiff,                                          ORDER
        v.
                                                                            19-CV-01192 (PMH)
THE CITY OF YONKERS, et al.,

                        Defendants.
-------------------------------------------------------X
```

PHILIP M. HALPERN, United States District Judge:

Counsel for defendants and plaintiff *pro se* appeared today at 10:45 a.m. by telephone for a case management conference. Plaintiff was directed to promptly notify the Court in writing if his address has changed; plaintiff is reminded that the Court may dismiss the action if he fails to do so.

The Court set the following deadlines for pretrial submissions:

1. By August 6, 2021, the parties shall confer and file a joint letter setting forth dates of availability for jury selection and trial for the Fourth Quarter of 2021 (Oct-Nov-Dec), and the First Quarter of 2022 (Jan-Feb-Mar).

2. By August 16, 2021, the parties shall file a Joint Pretrial Order in accordance with Rule 6.A. of the Court's Individual Practices. Defense counsel is directed to re-send the draft Joint Pretrial Order via e-mail to plaintiff today, and plaintiff is directed to respond to counsel to confirm receipt.

3. By September 20, 2021, the parties shall file their pretrial submissions in accordance with Rule 6.B. of the Court's Individual Practices, which includes motions *in limine*, proposed joint *voir dire*, joint requests to charge, joint verdict form, and pretrial memoranda, if any.

A copy of the Court's current Individual Practices is annexed to this Order.

<u>Defense counsel is directed to e-mail a copy of this Order to plaintiff</u>. The Clerk of the Court is requested to mail a copy of this Order to plaintiff.

SO ORDERED.

Dated: White Plains, New York
July 12, 2021

_____
Philip M. Halpern
United States District Judge

# INDIVIDUAL PRACTICES IN CIVIL CASES
## PHILIP M. HALPERN, UNITED STATES DISTRICT JUDGE
### SOUTHERN DISTRICT OF NEW YORK

<u>Chambers</u>
Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601
(914) 390-4160

<u>Courtroom</u>
Courtroom 520
Frank Cangelosi, Courtroom Deputy Clerk
Frank_Cangelosi@nysd.uscourts.gov
(914) 390-4154

Unless otherwise ordered, the following Individual Practices apply to all civil matters before Judge Halpern:

**TEMPORARY NOTICE RE: CORONAVIRUS/COVID-19 PANDEMIC:
IN ACCORDANCE WITH SEVENTH AMENDED STANDING ORDER M10-468 (21-MC-00164), AND ANY AMENDMENTS THERETO, EXCEPT UNDER EXIGENT CIRCUMSTANCES OR FOR OTHER GOOD CAUSE SHOWN, ALL PREVIOUSLY SCHEDULED CONFERENCES, CONFERENCES REFERRED TO IN THESE RULES, AND ALL CONFERENCES TO BE SCHEDULED WILL BE CONDUCTED VIA TELEPHONE**

1. **<u>Communications with Chambers</u>**

   A. **Contact with Chambers.** Except as otherwise set forth herein, telephone calls to chambers are permitted <u>only</u> in emergencies requiring immediate attention. The chambers phone number is (914) 390-4160. Faxes to chambers are permitted only with prior authorization. Faxed submissions shall identify the individual in chambers who authorized the fax. Copies shall be simultaneously faxed, e-mailed, or hand-delivered to all counsel. The chambers fax number is (914) 390-4193. The e-mail address for chambers is HalpernNYSDChambers@nysd.uscourts.gov.

   B. **Letters and Letter-Motions.** Except as otherwise provided below, communications with the Court shall be by letter. Unless there is a request to file a letter under seal, letters and letter-motions shall be filed electronically on ECF, and must comply with the SDNY Local Rules and Electronic Case Filing Rules and Instructions.

   Letters to be filed under seal shall be filed in accordance with Rule 5 below. Letters solely between parties or their counsel or otherwise not addressed to the Court shall not be filed on ECF or sent to the Court (except as exhibits to an otherwise properly filed document).

   C. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time shall be made in writing and filed on ECF as letter-motions in accordance with Rule 1(B) above. The letter-motion shall state: (1) the original date(s); (2) the reason for the request; (3) the number of previous requests for adjournment or extension; (4) whether these previous requests were granted or denied; and (5) whether the adversary consents and, if not, the reasons given by the adversary

for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed schedule shall be included in the letter. If the parties jointly request extensions of discovery deadlines set forth in the operative Civil Case Discovery Plan and Scheduling Order, the parties shall attach to the letter-motion a proposed revised Civil Case Discovery Plan and Scheduling Order. Absent an emergency, any request for adjournments or extensions must be made at least 48 hours prior to the scheduled appearance or deadline. Requests for extensions will ordinarily be denied if made after the expiration of the original deadline.

D. **Related Cases.** After an action has been accepted as related to a prior filing, all future court papers and correspondence shall contain the docket number of both the new action and the docket number of the case to which it is related (e.g., 13-CV-1234 [rel. 12-CV-4321]).

E. **CM/ECF.** In accordance with the Electronic Case Filing Rules & Instructions, counsel are required to register as ECF filers and enter an appearance in the case before the initial conference. Instructions are available on the Court website at https://nysd.uscourts.gov/electronic-case-filing.

F. **Letter-Motions.** Letters requesting relief, such as requests for adjournments, extensions of time, and conferences (including pre-motion conferences) are considered letter-motions. A letter-motion must be filed via ECF and identified as a LETTER-MOTION using the ECF Filing Event MOTION, in compliance with the SDNY Local Rules and the SDNY Electronic Case Filing Rules & Instructions.

G. **Other Letters Filed on ECF.** Letters that are informational in nature, such as, for example, status reports regarding mediation or settlement, and that do not request relief should be filed using the ECF Filing Event LETTER listed under OTHER DOCUMENTS.

H. **Courtesy Copies.** Except as expressly indicated herein concerning marked pleadings, motions, and bankruptcy appeals, do not provide courtesy copies of documents filed via ECF.

I. **Proposed Form of Confidentiality Order.** For all cases that warrant the entry of a confidentiality order, the parties shall submit to the Court for signature the proposed stipulated confidentiality agreement and protective order available on this Court's Individual Judge's page on the S.D.N.Y. public website. The parties shall not deviate from the Court's form except for good cause shown.

2. **Conferences**

A. **Attendance by Principal Trial Counsel.** The attorney who will serve as principal trial counsel shall appear at all conferences. Barring extraordinary circumstances, parties will not be permitted to appear at conferences telephonically.

B.  **Initial Conference.**  The Court will generally schedule a Fed. R. Civ. P. 16(c) conference within 2 months after service on defendants has been effectuated or a notice of removal has been filed.  The Notice of Initial Conference will be docketed on ECF, and plaintiff's counsel (or, in a matter removed from state court, defense counsel) is directed to promptly distribute copies to all parties.  If an initial conference has not been scheduled within 2 months after the service of the commencement papers or the filing of the notice of removal, counsel shall send a letter to alert the Court.

The Notice will direct the parties to submit, one week prior to the conference date, a proposed Civil Case Discovery Plan and Scheduling Order, which is available on Judge Halpern's individual page on the S.D.N.Y. website.  If defense counsel has not appeared at least one week prior to the conference date, plaintiff's counsel is directed to submit a letter requesting an adjournment and informing the Court of the status of defense counsel's appearance and whether plaintiff intends to seek a default judgment.

In any action in which subject-matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, the party asserting the existence of such jurisdiction shall, one week prior to the initial conference, file via ECF a letter no longer than 2 pages explaining the basis for that party's assertion that diversity of citizenship exists and that the amount in controversy exceeds $75,000.  Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.

C.  **Pre-Motion Conference.**   Except in *pro se* cases, a pre-motion conference is required prior to the filing of any motion, except post-judgment motions, motions for reargument or reconsideration, motions for admission *pro hac vice*, motions for attorneys' fees, motions for remand, motions to appoint lead plaintiff and lead defense counsel in class actions, objections to Magistrate Judges' rulings, motions for sanctions, motions to withdraw as counsel, *in forma pauperis* motions, petitions to confirm or compel arbitration, or where a delay in filing might result in the loss of a right.

To request a pre-motion conference, the movant shall file a letter to the Court, not exceeding 5 pages double-spaced, absent prior permission from the Court, setting forth the basis for the anticipated motion.  Opposition letters, not exceeding 5 pages double-spaced, absent prior permission from the Court, shall be submitted within 5 business days after receipt of the movant's letter.  No reply letters will be permitted absent prior permission from the Court. As applicable, the parties must also comply with the additional rules set forth below for motions seeking a default judgment, motions to dismiss, discovery-related motions, motions for summary judgment, or motions for temporary restraining orders.  Thereafter, the Court shall notify the parties of the date set for the pre-motion conference.

In *pro se* cases, the party contemplating a motion shall still file a pre-motion letter and the opposing party shall still file an opposition letter in accordance with this Rule. However, the Court may, in its discretion, waive the pre-motion conference.

Counsel should note that in all cases where a pre-motion letter is required, the pre-motion letter may be construed, at the discretion of the Court, as the motion itself. Arguments not raised in the pre-motion letters or during the pre-motion conference shall be deemed waived. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (upholding construction of pre-motion letter as motion).

3. **Pleadings**

    A. **Subject-Matter Jurisdiction.** The plaintiff shall include in its pleading allegations setting forth the basis for this Court's exercise of subject-matter jurisdiction.

    B. **Courtesy Copies of Pleadings.** As soon as practicable, and after answers and/or replies are filed, each party shall provide a courtesy copy of that party's marked pleading to the Court. Partial admissions or denials shall be underscored and denoted as such.

4. **Motions**

    A. **Courtesy Copies.** As soon as practicable, the parties shall provide courtesy copies to chambers of all motion papers, including all declarations and affidavits with exhibits. One copy of such papers, with the exhibits tabbed and indexed, shall be mailed to Chambers at the time of filing. In lieu of mailing, if hand-delivered, courtesy copies should be delivered to the Clerk's Office on the first floor of the courthouse, not to Chambers. Courtesy copies may not be submitted through the ECF system. Courtesy copies should be clearly marked as such.

    All courtesy hard copies of papers submitted in connection with motions must be bound in any manner that is secure, does not obscure the text, and permits the document to lie reasonably flat when open. Courtesy copies should either be spiral-bound or be stapled using a single staple in the upper left-hand corner of the document. Also, rather than submitting large documents that do not lie reasonably flat when open, parties should submit multiple volumes.

    B. **Motions for Default Judgments.** A plaintiff seeking a default judgment shall proceed by way of order to show cause, pursuant to the procedure set forth in Attachment A.

    C. **Motions to Dismiss.**

        i. In the case of a motion to dismiss, the parties shall exchange 2 sets of pre-motion letters.

ii. <u>First:</u> Before the time to file a responsive pleading has expired, the defendant shall send plaintiff a letter not exceeding 5 double-spaced pages, seeking a more definite statement or setting forth the specific pleading deficiencies in the complaint and other reasons or controlling authorities that defendant contends would warrant dismissal. The plaintiff shall respond by similar letter, not exceeding 5 double-spaced pages, within 5 business days indicating the extent, if any, to which plaintiff concurs with defendant's objections and the amendments, if any, to be made to the complaint to address them, or the reasons and controlling authority that support the pleadings as filed. **The parties shall not submit copies of these letters to the Court.** If the time to amend the complaint has expired, the plaintiff may seek leave to amend to address deficiencies identified in this first exchange of letters. Such leave to amend should be sought before the second exchange of letters described in Rule 4(C)(iii) below. Under these circumstances, the Court will liberally grant the plaintiff leave to amend and will grant the defendant an extension of time to answer the complaint as appropriate. This practice may be especially effective as to certain types of motions frequently made that may be avoidable by pre-motion communication between the parties, with or without the Court's involvement, including but not limited to the following: naming a wrong defendant, misnaming a defendant, failing to name a necessary or indispensable party, failing to exhaust available remedies, absolute immunity, expiration of the statute of limitations as to some or all of the claims asserted, failure to satisfy a prerequisite to litigation such as a Right to Sue Letter, and failure to plead the particulars of a fraud claim under Fed. R. Civ. P. Rule 9(b). **<u>This first exchange does not stay the time to answer or move to dismiss</u>**.

iii. <u>Second:</u> If, after the first exchange of letters, the defendant still wishes to file a motion to dismiss, the parties shall follow the steps set forth in Rule 2(C) above for pre-motion letters which shall be filed with the Court, including in *pro se* cases. Transmittal of a pre-motion letter for a proposed motion pursuant to Fed. R. Civ. P. 12(b) stays the time to answer or move to dismiss until further order of the Court.

iv. If a motion to dismiss is filed, the plaintiff has a right to amend its pleading within twenty-one days, pursuant to Fed. R. Civ. P. 15(a)(1)(B). Counsel should note that the Court will not countenance gamesmanship in connection with topics raised by the exchange of letters made pursuant to Rule 4(c)(ii) above. If the plaintiff elects not to amend its pleading, no further opportunities to amend to address the deficiencies identified by the motion to dismiss will ordinarily be granted absent good cause, and the motion will proceed in the normal course, pursuant to the briefing schedule set by the Court. If the plaintiff does amend its pleading, the movant shall, within twenty-one days of such amendment: (1) file an answer; (2) file a new motion to dismiss in accordance with these Rules; or (3) file a letter with the Court stating that it

relies on the previously filed motion to dismiss. If the movant files an answer or a new motion to dismiss, the Court shall dismiss the original motion to dismiss as moot without further notice to the parties.

D. **Discovery Motions.** For discovery-related motions, follow Local Civil Rule 37.2, which requires the moving party to request a conference with the Court before the filing of any such motion. The pre-motion letter shall be a joint letter from all counsel limited to five pages double-spaced outlining the discovery disputes sought to be addressed. Strict adherence to Fed. R. Civ. P. 37(a)(1), the "meet and confer" rule, is required. The parties should be prepared to describe the time, place, and duration of the meeting, and to identify the counsel involved.

E. **Summary Judgment Motions.**

   i. Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case.

   ii. Except in *pro se* cases, any party wishing to move for summary judgment, prior to requesting a pre-motion conference, shall first provide all other parties with an electronic copy of its Statement of Material Facts pursuant to Local Civil Rule 56.1. The movant must simultaneously provide the other parties any admissible evidence cited in its 56.1 Statement that has not previously been produced during discovery.

   iii. The movant's Rule 56.1 Statement shall be organized first by facts applicable to all claims for relief and then by claim(s) for relief or defenses (as applicable), setting forth the particular facts applicable to each.

   iv. Opposing parties shall reproduce each entry in the movant's Rule 56.1 Statement and set out the opposing party's response directly beneath it, thereby producing a single document.

   v. The movant's Rule 56.1 Statement **shall not** exceed 25 double-spaced pages without prior permission of the Court.

   vi. Each citation to evidence required by Local Civil Rule 56.1(d) must identify, when applicable, specific portions of the record, including page, line, and paragraph numbers.

   vii. Pursuant to Rule 2(C) above, the prospective movant shall file a pre-motion letter informing the Court of the basis for its anticipated motion for summary judgment, and attaching the single document representing their Rule 56.1 Statement and the opposing party's responses thereto. In *pro se* cases, the prospective movant is still required to file a Rule 56.1 statement with its pre-motion letter. **No evidence shall be submitted with the pre-motion summary**

**judgment letter.** Opposition letters in conformance with Rule 2(C) shall be filed with Court within 5 business days after receipt of the prospective movant's letter. In *pro se* cases, the opposition letter shall include opposition to the prospective movant's Rule 56.1 statement. The Court shall notify the parties of the date set for the pre-motion conference in accordance with Rule 2(C).

viii. Following the pre-motion conference, should a motion for summary judgment be filed, in addition to evidence relating to the Rule 56.1 Statement and/or opposition thereto, any deposition or hearing transcript supplied in connection therewith <u>shall be submitted in its entirety and in a one-page-per-sheet format with an index.</u>

ix. Except in *pro se* cases, the parties should provide the Court with an electronic, text-searchable courtesy copy of any hearing or deposition transcript, or portion thereof, on which the parties rely on such summary judgment motion, if a copy is available, unless doing so would be unduly burdensome. Parties may provide these materials on a CD or DVD (not on a memory stick and not by email).

x. In *pro se* cases, strict compliance with S.D.N.Y. Local Civil Rule 56.2 is required.

F. **Motions Brought by Order to Show Cause and for Emergency Relief, Including Temporary Restraining Orders.** Ordinarily, motions should be made by Notice of Motion. The Court generally will not sign an Order to Show Cause, with or without a request for emergency relief, prior to a conference with the parties. A party seeking the issuance of an Order to Show Cause, with or without a request for emergency relief, shall request such a conference by letter-motion in accordance with Rule 2(C). The moving party shall confer with its adversary before making an application including emergency relief and/or for a temporary restraining order, unless the requirements of Fed. R. Civ. P. 65(b) are met. As soon as a party decides to seek a temporary restraining order, he or she shall, in addition to filing the proposed temporary restraining order in accordance with the Electronic Filing Rules then in effect, file a letter-motion via ECF stating whether: (1) he or she has notified the adversary and if the adversary consents to temporary injunctive relief or (2) the requirements of Rule 65(b) are satisfied and no notice is necessary. If a party's adversary has been notified of the requested emergency relief or temporary injunctive relief but does not consent, the party seeking such relief shall indicate same in their letter and provide alternative dates and times for the Court to determine a time mutually agreeable to the Court, the party, and its adversary, so that the Court may have the benefit of advocacy from both sides in deciding whether to issue the requested Order to Show Cause and/or grant emergency or temporary injunctive relief.

G. **Motions for Preliminary Injunction.** In the event the Court schedules a hearing on a party's motion for a preliminary injunction, at least one week prior to the hearing, the parties shall each submit a statement identifying:

   i. The names, addresses (including firm names), email addresses, and office and mobile telephone and fax numbers of counsel that will be appearing;

   ii. The elements of the claim(s) the moving party has asserted with reference to evidentiary support for each party's position;

   iii. A list of the witnesses each party expects to call, including a very brief description of the witness's role and/or the subject matter of his or her anticipated testimony, the amount of court time needed for each witness, and a statement as to whether any other party objects to the witness;

   iv. A list by each party of exhibits to be offered, with a notation indicating exhibits to which there is an objection and the basis therefor. The failure to include a notation and basis may be deemed a waiver of any objection. Exhibits should be pre-marked: Plaintiff's exhibits shall be designated by number and Defendant's by letter.

   The Court will ordinarily require that the parties submit post-hearing briefs in accordance with Rule 4(H) or as otherwise directed by the Court. There shall be no wholesale filing of deposition transcripts or other discovery responses as exhibits.

H. **Memoranda of Law.**

   i. A memorandum of law shall accompany motion and opposition papers. The memorandum shall set forth all facts relevant to the motion and, for each factual statement, provide one or more citations to declarations, affidavits, or other evidence in the records. The parties' memoranda of law shall include citations to the underlying exhibits supporting their propositions.

      <u>In the case of summary judgment motions, factual statements must be supported by citations to both the record evidence and the Rule 56.1 statement, if contained therein</u>.

   ii. The Court encourages and appreciates brevity. Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities, neither of which shall count against the page limit. Unless prior permission has been granted, sur-reply memoranda will not be accepted. With respect to objections to Magistrate Judges' rulings, unless prior permission has been granted, memoranda of law (including responses) shall not exceed 15 pages.

iii. After any initial preliminary statement or factual recitation, if any, Point I of all memoranda of law shall set forth the standard of review and the burden of proof associated with the issues presented.

I. **Exhibits.** All exhibits shall be tabbed, indexed, and submitted in compliance with Local Civil Rule 7.1(a)(3).

J. **Format.** All papers shall conform to Local Civil Rule 11.1. Footnotes are discouraged.

K. **Text Searchable.** All pleadings, letters, motion papers, affidavits, or any other document containing text shall be text searchable.

L. **Oral Argument on Motions.** The Court does not ordinarily hear oral argument on motions; however, oral argument is encouraged on substantive motions, and the parties may request oral argument by letter at the time moving, opposing, or reply papers are filed. The Court will determine whether oral argument will be heard and, if so, will notify counsel of the date and time.

M. **Participation of Junior Attorneys.** To assist in the training of the next generation of attorneys, the Court strongly encourages relatively inexperienced attorneys—in particular, attorneys with less than 5 years' experience—to participate in all courtroom proceedings. Further, the Court is amenable to having multiple attorneys speak for one party if it creates an opportunity for a lawyer who is relatively inexperienced. However, all attorneys appearing should have the degree of authority consistent with the proceeding.

N. **Motions to Exclude Testimony of Experts.** Motions to exclude testimony of experts pursuant to Rules 702–705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) line of cases, shall be made as motions *in limine* for trial (*see* Rule 6(B)(iii)), unless for good cause shown, resolution of the motion is required to determine a summary judgment or other dispositive motion.

5. **Electronic Filing Under Seal**

   A. **Sealing/Redactions Not Requiring Court Approval.** Fed. R. Civ. P. 5.2 describes sensitive information that must be redacted from public court filings without seeking prior permission from the Court. Such sensitive information includes: Social Security numbers; names of minor children; dates of birth; and financial account numbers.

   Other information that should be treated with caution and may warrant a motion for approval of sealed or redacted filing includes: personal identifying numbers (PIN numbers); medical records, treatment and diagnosis; employment history; individual

financial information; proprietary or trade secret information; home addresses; and information regarding an individual's cooperation with the government.

Sensitive information and information requiring caution must not be included in any document filed with the Court unless such inclusion is necessary and relevant to the case. If such information must be included, personal identifiers must be partially redacted in accordance with the above-cited rules and policies in order to protect any privacy interest.

B. **Sealing/Redaction Requiring Court Approval.** Motions or letter-motions for approval of sealed or redacted filings in civil and miscellaneous cases and the subject documents, including the proposed sealed document(s), must be filed electronically through the court's ECF system in conformity with the court's standing order, 19-mc-00583, and ECF Rules & Instructions, sections 6 and 21.

The motion must be filed in public view, must explain the reasons for seeking to file that information under seal and should not include confidential information sought to be filed under seal. Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal.

The proposed sealed document must be contemporaneously filed under seal in the ECF system and electronically related to the motion. The summary docket text, but not the sealed document, will be open to public inspection and should not include confidential information sought to be filed under seal.

Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing party shall: (a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document with the redactions highlighted. Both documents must be electronically filed through the ECF system and related to the motion.

To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g., In re Gen. Motors LLC Ignition Switch Litig.*, No. 14 MD 2543, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

The party seeking leave to file sealed or redacted materials should meet and confer with any opposing parties (or third parties seeking confidential treatment of the information, if any) in advance to narrow the scope of the request.

Any party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move for leave of the Court to file in the traditional manner, on paper. In that case, paper copies shall be served contemporaneously upon all other parties.

**6. Pre-Trial Procedures**

**A. Joint Pretrial Orders in Civil Cases.** Unless otherwise ordered by the Court, within 30 days after the deadline for completion of discovery in a civil case, or, if a dispositive motion has been filed, within 30 days after a decision on the motion, the parties shall submit to the Court for its approval a Joint Pretrial Order, with one courtesy hard copy for Chambers. In *pro se* cases, it is the responsibility of the counseled party to advise the *pro se* party of this obligation. The Joint Pretrial Order shall include the information required by Fed. R. Civ. P. 26(a)(3) and the following:

  i. The full caption of the action.

  ii. The amount of trial time that each party anticipates needing for their case in chief.

  iii. The names, addresses (including firm names), email addresses, and office and mobile telephone and fax numbers of trial counsel.

  iv. A brief statement by plaintiff as to the basis of subject-matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject-matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

  v. A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. The parties shall also identify all claims and defenses previously asserted that are not to be tried.

  vi. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

  vii. A statement as to whether all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

  viii. Any stipulations or agreed statements of fact or law.

  ix. A list of the witnesses each party expects to call on its case in chief, including a very brief description of the witness's role and/or the subject matter of his or

her anticipated testimony, the amount of court time needed for each witness, and a statement as to whether any other party objects to the witness.

    x. A page and line designation by each party of witness deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

    xi. A list by each party of exhibits to be offered in its case in chief, with a notation indicating exhibits to which there is an objection and the basis therefor. The failure to include a notation and basis may be deemed a waiver of any objection.

    xii. A statement of the relief sought, including damages claimed, itemizing each component or element of the damages sought with respect to each claim, and including the manner and method used to calculate the claimed damages.

    xiii. A statement as to whether the parties consent to a less than unanimous verdict.

**B. Filings Prior to Trial in Civil Cases.** Unless otherwise ordered by the Court, each party shall file the following documents (and submit one courtesy hard copy to Chambers) 21 days before the date of commencement of trial if such a date has been fixed, or 30 days after the filing of the Joint Pretrial Order if no date has been fixed:

    i. In jury cases, proposed <u>joint</u> *voir dire* questions, <u>joint</u> requests to charge, and a <u>joint</u> verdict form. The parties' proposed *voir dire* and jury instructions shall each consist of a single document, noting any areas of disagreement between the parties. The proposed jury instructions shall include both the text of any requested instruction as well as a citation to the authority from which it derives. Each proposed jury instruction must contain a citation to the source/authority for the proposed instruction, or the request will be disregarded. In addition to being filed in the normal manner, <u>joint</u> *voir dire* questions, <u>joint</u> requests to charge, and a <u>joint</u> verdict form should be emailed to Judge Halpern's law clerk at the Chambers e-mail address provided above in Word format.

    ii. In non-jury cases, proposed findings of fact and conclusions of law. Proposed findings of fact should be detailed and cite whenever possible to evidence expected to be presented at trial. Proposed conclusions of law should include a statement of the elements of each claim or defense.

    iii. In all cases, motions addressing any evidentiary or other issues that should be resolved *in limine*.

    iv. In any case in which any party believes it would be useful, a pretrial memorandum, no longer than 15 double spaced pages, emphasizing the burden of proof associated with the claims for relief or defenses to be tried.

C. **Filings in Opposition.** Unless otherwise ordered by the Court, any party may file (and submit one courtesy hard copy to Chambers) the following documents within one week of the filing of any document described in Rule 6(B) above:

   i. Opposition to any motion *in limine*.

   ii. Opposition to any legal argument made in a pretrial memorandum.

D. **Additional Submissions in Non-Jury Cases.** Unless otherwise ordered by the Court, each party shall submit to the Court (including 2 courtesy copies to Chambers) and serve, but not file, the following materials 21 days before the date of commencement of trial if such a date has been fixed, or 30 days after the filing of the Joint Pretrial Order if no date has been fixed:

   i. Copies of affidavits constituting the direct testimony of each trial witness, except for the testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony during the trial. Three business days after submission of such affidavits, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at trial. Unless otherwise ordered by the Court, only those witnesses (as opposed to parties) who will be cross-examined need to appear at trial. Counsel shall ensure such witnesses are available so as not to delay the trial. The original signed affidavits shall be marked as exhibits at trial.

   ii. All deposition excerpts which will be offered as substantive evidence, as well as a 1-page synopsis (with page and line references) of those excerpts for each deposition.

   iii. All documentary exhibits.

7. **Post-Trial Procedures.** Counsel are responsible for raising promptly any issue concerning the accuracy of transcripts certified by the Court Reporter to be used for purposes of appeal. Counsel perceiving an error that is material shall stipulate to the appropriate correction or, if agreement cannot be reached, shall proceed by motion on notice. Non-material defects in syntax, grammar, spelling or punctuation should be ignored.

8. **Orders and Stipulations of Settlement.** Should the parties request, the Court will consider so-ordering the parties' stipulations of settlement, including retaining continuing jurisdiction for the enforcement of same.

9. **Bankruptcy Appeals.** Briefs shall be submitted in accordance with Federal Rules of Bankruptcy Procedure 8015 through 8018 unless otherwise ordered by the Court. One courtesy copy of the briefs and the bankruptcy record on appeal, marked as such, shall be submitted to chambers by the appellant at the time the reply is due.

# ATTACHMENT A

# DEFAULT JUDGMENT PROCEDURE

1. After obtaining a Clerk's Certificate of Default (see SDNY Electronic Case Filing Rules & Instructions, Section 16.1), prepare a proposed Order to Show Cause Without Emergency Relief and make the Order returnable before Judge Halpern in Courtroom 520 of the Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, New York 10601. Leave blanks for the Court to fill in (i) the date and time of the hearing, (ii) the date by which opposing papers must be served and filed, and (iii) the date by which the moving party must serve the Order and supporting documents on the non-moving party.

2. Electronically file the proposed Order to Show Cause Without Emergency Relief using the ECF Filing Event found under PROPOSED ORDERS.

3. Electronically file the following documents as separate ECF Filing Events:

    a. an attorney's affidavit setting forth:

        i. why a default judgment is appropriate, including a description of the method and date of service of the original summons and complaint;

        ii. whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of liability and/or damages prior to the resolution of the entire action (*see* Fed. R. Civ. P. Rule 54(b)); and

        iii. when applicable, legal authority for why an inquest is unnecessary.

    b. an affidavit from a party with personal knowledge of damages and the basis for each element of damages, including interest, attorney's fees, and costs (unless requesting an inquest); and

    c. a proposed default judgment, using the ECF Filing Event found under PROPOSED ORDERS.

4. As attachments to the attorney's affidavit, include copies of all pleadings and a copy of the affidavit of service of the original summons and complaint.

5. After Judge Halpern signs and dockets the Order to Show Cause, serve a copy of the Order and attachments on defendant(s) as directed. At least 3 business days before the return date, electronically file proof of service of the signed Order to Show Cause.