UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LATRELL MURRAY,

                         Plaintiff,                    **ORDER**

v.

                                          19-CV-01192 (PMH)

THE CITY OF YONKERS, et al.,

                         Defendants.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      On July 12, 2021, the parties appeared for a conference that had been rescheduled due to Plaintiff's failure to appear for the earlier-scheduled conference; Plaintiff was directed to promptly notify the Court if his address had changed and was reminded that the action may be dismissed if he failed to do so. (Doc. 47). As discovery had closed in June, the Court also set deadlines for pretrial submissions and trial. (*Id*.).

      Defendant complied with the pretrial submissions deadlines on its part, but was not able to submit the filings jointly, as Plaintiff had not contributed his portion of the submissions. (Doc. 50). On August 17, 2021, the Court directed defense counsel to use his best efforts to locate Plaintiff, communicate, and coordinate with him with respect to the required pretrial filings. (Doc. 51).

      All of the Court's Orders issued between June 22, 2021 and August 17, 2021 were returned to sender because Plaintiff was apparently no longer at the address listed on ECF. (*See* July 14, 2021 Entry; July 27, 2021 Entry; Aug. 7, 2021 Entry; Aug. 27, 2021 Entry).

      On August 27, 2021, defense counsel advised that it appeared that Plaintiff was incarcerated at the Westchester County Jail, and that Defendant had provided Plaintiff with another copy of its portion of proposed pretrial submissions. (Doc. 52). The Court then directed defense counsel to file a status letter by September 24, 2021. (Doc. 53). On September 24, 2021, defense

counsel advised the Court by letter that no response had been received to date from Plaintiff to Defendant's August 27, 2021 letter. (Doc. 54).

On September 27, 2021, the Court issued an Order to Show Cause, warning Plaintiff that this action would be dismissed under Federal Rule of Civil Procedure 41(b) unless, on or before October 25, 2021, "Plaintiff show[ed] cause in writing . . . why this action should not be dismissed . . . for want of prosecution . . . ." (Doc. 55). The Court's Order to Show Cause warned Plaintiff that "[f]ailure to comply with this Court's Order will result in dismissal of this case for want of prosecution." (*Id*.). The docket reflects that the Order to Show Cause was mailed to Plaintiff by the Clerk's Office at the address provided by Plaintiff, and that on October 14, 2021, that mailing was returned as "Return To Sender Attempted - Not Known Unable To Forward." The docket reflects also that the Order to Show Cause was mailed by the Clerk's Office to Plaintiff at the Westchester County Jail, and that mailing had not been returned.

All documents mailed to Plaintiff by the Court have been returned because Plaintiff is no longer at the address listed on ECF; is apparently located at Westchester County Jail; and despite multiple Orders from the Court, Plaintiff has not updated his address. Despite mailing correspondence and Orders to Plaintiff at the Westchester County Jail, where he is believed to be located, Plaintiff has not responded to Court Orders or communicated with the Court in any way since the conference on July 12, 2021.

Discovery in this case has been closed since June 2, 2021 and the matter has been ready for trial, but Plaintiff has flouted the Court-ordered deadlines for pretrial submissions. Under the circumstances, in light of Plaintiff's failure to provide the Court with his correct address and to participate in required trial preparation, Plaintiff has failed to prosecute this action.

2

**STANDARD OF REVIEW**

The Second Circuit has recognized that Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* complaint for want of prosecution after plaintiff failed to respond for six months).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

3

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "However, even *pro se* litigants must prosecute claims diligently, and dismissal . . . is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

## ANALYSIS

The Court finds that dismissal of Plaintiff's action for failure to prosecute under Rule 41(b) is proper in this case. As to the first factor, Plaintiff has failed to participate in the required trial preparation ordered by the Court on July 12, 2021 (Doc. 47) and failed to respond to the Court's Order to Show Cause issued on September 27, 2021 (Doc. 55). Plaintiff has made no effort to contribute his portion of the joint pretrial submissions; and no response to the Order to Show Cause has been filed to date. Indeed, Plaintiff has not communicated in any way with the Court since the July 12, 2021 conference. (Doc. 47). Plaintiff's failure to comply with two orders over seven months is sufficient to support dismissal. *See, e.g.*, *Balderramo v. Go New York Tour Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41.").

Second, Plaintiff has been warned that failure to comply with the Court's directives could result in dismissal of this action. The September 27, 2021 Order to Show Cause warned that the case would be dismissed unless Plaintiff responded. (Doc. 55). Moreover, the Court warned Plaintiff numerous times of his obligation to promptly submit a written notification to the Court if his address changed and that the action may be dismissed if he failed to do so. (*See* Docs. 4, 6, 47, 55).[1] Such warnings support dismissal. *See Davis v. Correct Care Solutions*, No. 19-CV-10588, 2020 WL 6064184, at *3 (S.D.N.Y. Oct. 14, 2020).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here in inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter despite Orders directing him to do so. Moreover, Plaintiff has not responded to Defendant's portion of the joint pretrial order prepared and sent to him by Defendant (*see* Doc. 50) nor their attempts to meet and confer concerning Court-Ordered trial preparation and mutually available dates for trial (*see* Docs. 48, 49, 50, 51, 52).

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-6717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Since July 12, 2021, the Court has issued two Orders pressing Plaintiff to participate in this action. He has not complied with those Orders and there is no reason to believe that he intends to pursue this action any further.

---

[1] Plaintiff had twice previously properly advised the Court of his address changes. (Doc. 18; Doc. 33).

5

The Court has further "considered the possibility of a less drastic sanction than dismissal." *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021). Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

## **CONCLUSION**

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED without prejudice. The Clerk of the Court is respectfully directed to terminate this action and to mail a copy of this Order to Plaintiff at the address listed on ECF, as well as the following address identified by Defendant:

Latrell Murray
JID # 244894
Westchester County Jail
P.O. Box 10
Valhalla, New York  10595

SO-ORDERED:

Dated:  White Plains, New York
        February 15, 2022

_____
Philip M. Halpern
United States District Judge